## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**GLENN HERTEL,**

      **Plaintiff,**

      **vs.**                                                     **Case No. 8:06-cv-11-T-EAJ**

**MICHAEL J. ASTRUE**[1]
**Commissioner of**
**Social Security,**


      **Defendant,**
_____/

### FINAL ORDER

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for a period of disability and disability insurance benefits.[2]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the

---

[1] On February 1, 2007, Michael J. Astrue became the Commissioner of Social Security. Therefore, pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 14).

Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards.  <u>See</u> 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983).   If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner.  <u>See</u> <u>Goodley v. Harris</u>, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard.  <u>See</u> <u>Davis v. Shalala</u>, 985 F.2d 528, 534 (11th Cir. 1993).  If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required.  <u>See</u> <u>Jamison v. Bowen</u>, 814 F.2d 585, 588 (11th Cir. 1987).

## I.

Plaintiff alleges the onset of disability on June 3, 2002 due to back and right shoulder pain, bipolar disorder, carpal tunnel, gastritis and irritable bowel syndrome.  (T 40, 49-50, 92)  Thirty-eight years old at the time of the hearing, Plaintiff received his GED, completed two years of college, and had past relevant work history as a truck driver.  (T 43, 92)  A hearing was held before the ALJ on October 28, 2004.  (T 36)

In the July 21, 2005 decision denying benefits the ALJ found that the Plaintiff performed substantial gainful activity from January 1, 2003 to the end of August 2003, but has not engaged in such activity since September 1, 2003.  (T 22)  The ALJ determined that Plaintiff has the following medically determinable impairments: "Bipolar Disorder, low back pain, right shoulder pain, Irritable

Bowel Syndrome, and bilateral carpal tunnel syndrome." (Id.) These impairments were considered "severe," but did not meet or equal an impairment listed in the Listing of Impairments.  (T 18, 22) The ALJ also found that Plaintiff's testimony regarding his  limitations was not entirely credible. (T 19, 23)   The ALJ determined Plaintiff retained residual functional capacity ("RFC") to perform a significant range of light work.[3]    (T 23)   The ALJ ascertained Plaintiff's impairments did not prevent him from performing a significant range of light work.  While he could not perform the full range of  light work, he could perform  significant number of jobs in the national economy, such as a merchant patroller.  Therefore, the ALJ found Plaintiff was not under a disability as defined in the Social Security Act and was thus not entitled to benefits.  (Id.)

On November 17, 2005, The Appeals Council denied Plaintiff's request for review.  (T 6-9) Accordingly, the Appeals Council allowed the ALJ's decision to stand.

Plaintiff argues that the Commissioner erred by 1) failing to adequately evaluate and discuss the Plaintiff's complaints of excessive sleepiness and fatigue; 2) failing to conduct a full and fair hearing because critical portions of the hearing were recorded as inaudible; and 3) failing to determine that 250 jobs in the Tampa Bay area for the position of merchant patroller,[4] the only job

---

[3]Addressing Plaintiff's RFC the ALJ found: "The claimant has residual functional capacity to occasionally lift 20 pounds, frequently lift 10 pounds, and to sit or stand at will.  He is limited from repetitive us of the right major upper extremity, and is limited to minimal interaction with supervisors/coworkers, and the public."  (T 20)

[4]A merchant patroller is someone who

> [p]atrols assigned territory to protect persons or property: Tours buildings and property of clients, examining doors, windows, and gates to assure they are secured. Inspects premises for such irregularities as signs of intrusion and interruption of utility service. Inspects burglar alarm and fire extinguisher sprinkler systems to ascertain they are set to operate. Stands guard during counting of

the Plaintiff could perform, was an extremely low number.

The medical evidence has been summarized in the decision of the ALJ and will not be repeated here except as necessary to address the issues presented.

## II.

**A.**  Plaintiff contends that significant portions of the hearing were inaudible and could not be transcribed.  Specifically, Plaintiff refers to two portions during the ALJ's hypothetical question to the vocational expert.  The transcript reads:

> Assume if you will a hypothetical person of the claimant's age, education, and work history, and assume that this person has the ability to lift ten pounds frequently and 20 pounds on occasion, and that this person must be able to sit or stand at will, [INAUDIBLE for 27 seconds], and this person has, cannot do repetitive pushing or pulling with the right major upper extremity, [INAUDIBLE for 19 seconds] and also has occasional problems in maintaining attention and concentration, and is limited to minimal interaction with supervisors, coworkers and the public.  Could such a person perform any of the claimant's past relevant work as actually performed by the claimant as performed in the national economy.

(T 57-58)

Plaintiff contends that these inaudible portions deprive him of his constitutional due process right to be presented with all the evidence considered.  However, a remand is only necessary when the "record reveals evidentiary gaps that result in unfairness or 'clear prejudice.'" Brown v. Shalala,

---

> daily cash receipts. Answers alarms and investigates disturbances . . . Apprehends unauthorized persons. Writes reports of irregularities. May call headquarters at regular intervals, using telephone or portable radio transmitter. May be armed with pistol and be uniformed. May check workers' packages and vehicles entering and leaving premises.

Dictionary of Occupational Titles 372.667-038 (4th ed. 1991).

44 F.3d 931, 935 (11th Cir. 1995) (citing <u>Smith v. Schweiker</u>, 677 F.2d 826, 830 (11th Cir. 1982)(quoting <u>Ware v. Schweiker</u>, 651 F.2d 408, 413 (5th Cir. Unit A July 1981), <u>cert.</u> <u>denied</u>, 455 U.S. 912 (1982))).

In this case, it appears that the inaudible portions are a mistake in the transcript.  It is counterintuitive that a total of forty-six inaudible seconds could have occurred within a structurally sound and fully-formed hypothetical.

Even if the inaudible portions are not a mistake in the transcript, the inaudible portions do not constitute unfair prejudice because all relevant findings by the ALJ were included in the hypothetical.  Specifically, all the ALJ's findings regarding Plaintiff's RFC were incorporated into the hypothetical question.  Thus, Plaintiff's argument is without merit.

**B.**  Plaintiff also argues that the ALJ failed to adequately evaluate and discuss Plaintiff's complaints of excessive sleepiness and fatigue due to medication side effects.   Since the ALJ determined that Plaintiff performed substantial gainful employment from January 1, 2003 through the end of August 2003 but not since September 1,  2003, (T 22), the medication side effects will only be examined for the relevant time period after September 1, 2003.

The Eleventh Circuit has established a three-part pain standard that applies when a "claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms," the pain standard requires

> (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

See Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).   This standard applies to complaints of fatigue and  medication side effects.  Heppell-Libsansky v. Comm'r of Soc. Sec., No. 05-14791, 2006 U.S. App. LEXIS 6144, at *14 (11th Cir. March 14, 2006).   The ALJ has a duty to elicit testimony and make findings regarding medication side effects in order to develop the record fully because such side effects could cause or contribute to disability.   Cowart v. Schweiker, 662 F.2d 731, 737 (11th Cir. 1981); see also Passopulos v. Sullivan, 976 F.2d 642, 648 (11th Cir. 1992)(holding when the ALJ did not have any evidence that the plaintiff was taking medications for mental illness that caused side-effects, the ALJ did not err in failing to elicit testimony or make findings regarding the effects on plaintiff's ability to work).   However, hypothetical questions do not need to include subjective testimony of pain and side-effects from medications if  substantial evidence discredits these symptoms.  Turner v. Comm'r of Soc. Sec., No. 05-15919, 2006 U.S. App. LEXIS 13473, at *8 (11th Cir. May 31, 2006).

The Commissioner concedes that the ALJ did not address the Plaintiff's complaints of side effects from his medications. (Dkt. 20 at 9)  Furthermore, the Commissioner acknowledges that the Plaintiff's medical records do indicate that Plaintiff complained of these side effects.  (Id.)  For instance, progress notes on July 25, 2005 from Plaintiff's treating physician indicate that "[Plaintiff] reports that since he is taking meds as prescribed that he is increasingly drowsy during the day," and Plaintiff "doesn't believe he can work at all due to his pain [and] the effects of the meds he takes for his BAD [and] other medical conditions." (T 528)  Progress notes from June 13, 2005 also state in reference to medication that the "combination is making him drowsy and unable to function."  (T 530)

Medical records indicate that for the relevant time period, Plaintiff was prescribed the

following medications: Bupropion for bipolar disorder, Buspar for bipolar disorder, Omeprazole, Olanzapine for bipolar disorder, Quetiapine, Valporic Acid for bipolar disorder, Buspirone for anxiety, Sertraline for depression, Baclofen for muscle pain, Propoxyphene for pain, and Ranitidine for "stomach." (T 564 - 567).

Plaintiff testified regarding medication side effects. Specifically, Plaintiff stated "I guess you'd call it fatigue from medication, you know, a lot of times, the medication, the next day I just sleep all day." (T 56) When the ALJ asked Plaintiff directly if the medications caused any side effects, Plaintiff answered, "Yeah, drowsiness, sleepiness, leave you in a fog, those anti-psychotics will leave me foggy." (Id.) Plaintiff also testified that he is "just sleepy" and takes "probably about a two-hour nap, two to three hours every day." (T 57) The Vocational Expert testified that a person who had Plaintiff's RFC but could not work a full eight hour work day or a 40 hour work week could not be employed in the regional or national economy. (T 59)

Because the ALJ failed to articulate or demonstrate that he considered whether any medication side effects affected Plaintiff's residual functional capacity, the case must be remanded. MacGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986); see Flores v. Massanari, No. 00-4334, 2001 U.S. App. LEXIS 21621, at *15 (7th Cir. Sept. 13, 2001)(remanded because the "The ALJ's single-line summation fails to reflect which side effects he considered, to what extent he considered them, or how he considered them"); see also Barlow v. Callahan, No. 96-0088-RV-M, 1997 U.S. Dist. Lexis 12384, at *5 (S. D. Ala. June 23, 1997) (remanded because ALJ's findings regarding medication side effects were without foundation).

Specifically, the Commissioner shall determine whether Plaintiff's testimony as to medication side effects is credible and whether any symptoms from side effects affect Plaintiff's

residual functional capacity.

C. The final issue raised by Plaintiff is whether the ALJ properly determined that 250 jobs in the Tampa Bay area is a significant number of jobs for the position of merchant patroller, a job which the ALJ found consistent with Plaintiff's RFC.   Because the case must be remanded as to issue two, the court could defer ruling on this issue because the RFC findings could change on remand.  However, because issue three presents purely a question of law and  is without merit, the court addresses it.

Under the Social Security Act, if a claimant, despite his limitations, can perform "other substantial, gainful work in the national economy... then a finding of disability is not appropriate. 42 U.S.C. § 423(d)(2)(A).   The term "national economy is defined as "the region where such individual lives or in several regions of the country," and not the immediate area in which the claimant lives.  In one case, the Eleventh Circuit determined that 174 jobs locally, 1,600 jobs in Georgia, and 80,000 jobs nationally constituted a significant number of jobs in the national economy.  Allen v. Bowen, 816 F.2d 600, 602 (11th Cir. 1987); see also Brooks v. Barnhart, No. 04-14157, 2005 U.S. App. LEXIS 9996, at *5 (11th Cir. 2005)(holding 840 jobs in the national economy was a significant number of jobs).

In this case, the Vocational Expert testified that someone with Plaintiff's limitations could perform work as a merchant patroller, a job category in which "there would about 250 .... jobs in the Tampa Bay area, about 1,500 statewide, and about 28,000 nationwide."  (T 58)

Based on this testimony and the present record, the ALJ's finding regarding the sufficient number of jobs which Plaintiff can perform is supported by substantial evidence.  Issue three does not entitle Plaintiff to remand.

## CONCLUSION

While concluding that remand for further fact-finding is necessary due to the ALJ's error in failing to address the effect, if any, of medication side effects in evaluating Plaintiff's credibility and residual functional capacity, this court expresses no views as to what the outcome of the proceedings should be.  At the reopened hearing, each party should have the opportunity to submit additional evidence on the issues remaining for determination..

Accordingly and upon consideration it is **ORDERED** and **ADJUDGED** that:

(1)    The decision of the Commissioner be **REVERSED** and the case be **REMANDED** for further proceedings and consideration consistent with the foregoing.

**DONE AND ORDERED** in Tampa, Florida this 27th   day of March, 2007.


ELIZABETH A JENKINS
United States Magistrate Judge

9